## Mikach v. State Workmen's Insurance Fund

*George S. Dluzansky*, for claimant.

*Wilbur C. Mulhollen* and *Ralph Behney*, for defendant.

GREER, J., September 3, 1934.—This exception comes before us on an appeal from the decision of the board upon an agreed-upon statement of fact.

The claimant had a total disability of 14 weeks and 2 days, beginning June 23, 1927, and a partial disability of 76 weeks and 2 days, beginning October 1, 1927. From March 18, 1929, to September 2, 1929, a period of 24 weeks and 1 day, he received no compensation for the reason that he resumed work at a higher wage than the compensation allowed him. Following this period, he was totally disabled for a period of 36 weeks and 1 day, beginning September 3, 1929. On May 14, 1930, he again became partially disabled, which disability still exists, and for which he was paid a period of 149 weeks and 1 day, until March 22, 1933.

The period above mentioned totals 300 weeks from the beginning of the total disability of June 23, 1927, to March 22, 1933, and under the decision of the Superior Court in the case of Ludington v. Russell Coal Mining Co. et al., 90 Pa. Superior Ct. 318, claimant is paid in full, but as this decision was under the law as it existed prior to the amendment of June 26, 1919, P. L. 642, we do not regard it as determinative of the present question, for the reason that the Act of 1919 provides that compensation shall be paid for partial disability during that period of partial disability and for 300 weeks after the tenth day of such partial disability. The partial disability in the present case began October 1, 1927, followed by absence of disability, then a short period of total disability, succeeded by a period of partial disability beginning May 14, 1930, which still continues.

The Act of 1919, as above stated, provides that compensation shall be paid for partial disability for 300 weeks after the tenth day of such partial disability, from which period is to be deducted any payments made theretofore on account of total disability. We construe this act to mean that under the facts agreed upon claimant is entitled to payments for partial disability for the full period of 300 weeks, if it so long exists, beginning October 1, 1927, less the number of weeks theretofore paid during the period of total disability.

This is the construction placed upon the Act of 1919 where similar facts

were found in the case of Geiselman v. Roaring Springs Blank Book Co., 14 Dept. Rept. 331 (C. P. Blair County, Hare, P. J.). We concur in his conclusion.

## Decree

And now, September 3, 1934, the exception is sustained and the order of the board reversed, and judgment is directed to be entered in favor of the claimant and against the defendant in the sum of $173.83, which represents compensation for a period of 24 weeks and 1 day, at the rate of $7.20 per week.

From Henry W. Storey, Jr., Johnstown. Pa.